# UNITED STATES DISTRICT COURT
## District of Maine - Portland

| | | |
|---|---|---|
| BRIAN BEOTE AND TAMMY BEOTE, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. |
| | ) | |
| vs. | ) | |
| | ) | |
| NORTH AMERICAN ASSET SERVICES, LLC dba FRONTIER FINANCIAL GROUP | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiffs, Brian and Tammy Beote, by and through their attorneys, and for Plaintiffs' Complaint against Defendant, North American Asset Services, LLC dba FRONTIER FINANCIAL GROUP, allege and affirmatively state as follows:

### I. INTRODUCTION

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Because Defendant conducts business in the state of Maine, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### III. PARTIES

5. Plaintiffs are natural people who reside in Portland, Cumberland County, Maine and are obligated or allegedly obligated to pay a debt.

6. Defendant is a company engaged in the business of collecting debts with its principal place of business located in Henderson, Nevada.

7. Plaintiffs are consumers as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiffs are informed, believe, and thereon allege, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

### IV. FACTUAL ALLEGATIONS

10. Defendant placed a call to Plaintiff's, Brian Beote, mother from (866) 202-5030 regarding an alleged debt.

11. Defendant left a voicemail on Plaintiff's, Brian Beote, mother's answering machine asking for each Plaintiff.

12. Defendant's voicemail threatened to contact each Plaintiff's family members and friends, unless Plaintiffs called back. See Exhibit A.

13. In that same voicemail, Defendant warned that an "order of repossession" has been issued and unless Plaintiffs resolve the debt, it will be turned over to Defendant's "legal network of attorneys." See Exhibit A.

14. Defendant's voicemail did not disclose the company name.

15. When Plaintiff's, Brian Beote, mother returned the Defendant's call, Defendant's agent disclosed the existence of an alleged debt on a Yamaha account. See Exhibit B.

## V. CLAIM FOR RELIEF

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated §1692c(b) of the FDCPA by communicating with Plaintiff Brian Beote's mother regarding Plaintiff's alleged debt;

   b) Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff when Defendant threatened to contact all of Plaintiff's family and neighbors;

   c) Defendant violated §1692d(6) of the FDCPA by not meaningfully disclosing its identity when Defendant left a voicemail for Plaintiff;

   d) Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the character and legal status of the debt;

   e) Defendant violated §1692e(5) of the FDCPA by threatening to take legal action that is not intended to be taken.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

17. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

18. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

19. Any other relief that this court deems to be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Betty Hilton hereby demands trial by jury in this action.

          RESPECTFULLY SUBMITTED,

          LAW OFFICE OF DOUGLAS J. JENNINGS *in assoc. with* KROHN & MOSS, LTD.

DATED: December 7, 2011

          By: /s/Douglas F. Jennings.
             Douglas F. Jennings, Esq.
             Bar #  3544
             One Weston Court, Suite 103B
             Augusta, ME 04330
             dfjlaw@live.com
             Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF MAINE)

Plaintiff, Tammy Beote, say as follows:

8. I am a Plaintiff in this civil proceeding.

9. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

12. I have filed this Complaint in good faith and solely for the purposes set forth in it.

13. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

14. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, TAMMY BEOTE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 11/16/11

_____
TAMMY BEOTE,
Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF MAINE)

Plaintiff, Brian Beote, say as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, BRIAN BEOTE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 11/16/11

BRIAN BEOTE,
Plaintiff